**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAWRENCE H. KNIGHT, II,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-2168** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **CO LOWRY,** *et al.*, : | |
| : | |
| **Defendants** : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 21, 2010, Lawrence H. Knight, II, a state inmate presently confined at SCI-Cresson, Cresson, Pennsylvania, initiated this civil rights action regarding events that occurred while housed at SCI-Waymart, in Waymart, Pennsylvania. Doc. 1, Compl. He then filed an Amended Complaint. Doc. 11. Mr. Knight alleges he was physically assaulted by several SCI-Waymart employees on December 29, 2008, during which he broke his neck and was then denied medical treatment. *Id.*

Presently before the Court is Lawrence Knight's third motion for appointment of Counsel in this matter. Doc. 24. It is somewhat similar to his first two motions for counsel but this time notes he needs independent medical testing and expert medical testimony to advance his Eighth Amendment claims. *Id.* He also seeks a court order mandating independent medical tests be completed.

For the reasons that follow, Mr. Knight's request, at this point in the litigation, will be denied without prejudice.

There is no statutory or constitutional right to the appointment of counsel for pro se indigent civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have broad discretionary powers to request an attorney to represent any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pichak*, 294 F.3d 492, 499 (3d Cir. 2002), citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeal for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (emphasis added). Next, if plaintiff's claims should overcome this review, other factors to be examined are:

    1.    the plaintiff's ability to present his or her own case;
    2.    the difficulty of the particular legal issues;
    3.    the degree to which factual investigation will
        be necessary and the plaintiff's ability to
        pursue investigation;

>    4.   the plaintiff's capacity to retain counsel on his or her own behalf;
>    5.   the extent to which a case is likely to turn on credibility determinations, and;
>    6.   whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57.

Initially, it must be noted that this case is in the very early stages of litigation. In January 2011, Mr. Knight's Amended Complaint was served on the named defendants. Doc. 17. On July 11, 2011, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, challenging the legal sufficiency of Plaintiff's claims. The Court is not inclined to appoint counsel when the legal merit of Plaintiff's action is in question, and some, if not all, of the present action may not survive defendants' motion to dismiss or, in the alternative, for summary judgment.

Further, the Court does not believe that Mr. Knight will be substantially prejudiced if counsel is not appointed at this time. Plaintiff has demonstrated through his submissions to the Court his ability to present his own case. The level of detail presented by Plaintiff to date unequivocally shows that he is capable of advancing comprehensible arguments. Moreover, the requisite liberal construction afforded *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, militate against the appointment of counsel.

Additionally, while not determinative, it is also important to consider the effort made by Plaintiff to retain an attorney on his own before asking the court to appoint one. *See Tabron*, 6 F.3d at 157 n.5. Plaintiff does not indicate he attempted to obtain counsel on his own before asking the court to do it for him.

**ACCORDINGLY, THIS  19th  DAY OF JULY, 2011, IT IS HEREBY ORDERED THAT** Mr. Knight's Third Motion for Appointment of Counsel (Doc. 24) is **DENIED WITHOUT PREJUDICE**.

      /s/ A. Richard Caputo
      **A. RICHARD CAPUTO**
      **United States District Judge**