# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE H. KNIGHT, II,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-10-2168** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **CO LOWRY, *et al.,*** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 21, 2010, Lawrence H. Knight, II, a state inmate presently confined at SCI-Cresson, Cresson, Pennsylvania, initiated this civil rights action regarding events that occurred while housed at SCI-Waymart, in Waymart, Pennsylvania. Doc. 1, Compl. He then filed an Amended Complaint. Doc. 11. Mr. Knight alleges he was physically assaulted by several SCI-Waymart employees on December 29, 2008, and suffered a broken neck, and denied medical treatment for his injuries. *Id.*

Presently before the Court is Lawrence Knight's fourth motion for appointment of Counsel in this matter. Doc. 34. His present request is similar to his preceding requests but adds that he has written over thirty (30) letters to private legal counsel and other organizations that usually assist indigent litigants, but has not received a favorable response to his inquiries for assistance. *Id.* He also notes that in responding to the defendants' motion to dismiss he unknowingly submitted

an untimely opposition brief that was longer than allowed without prior approval of

the Court.  *Id*.  He relates his concern that his lack of knowledge of the law and the

rules of court will hinder his ability to proceed in this case.  *Id*.  For the reasons that

follow, Mr. Knight's request, at this point in the litigation, will be denied without

prejudice.

There is no statutory or constitutional right to the appointment of counsel for

pro se indigent civil litigants.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.

1997).  However, district courts have broad discretionary powers to request an

attorney to represent any person unable to afford counsel.  *See* 28 U.S.C. §

1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)(citing *Tabron*

*v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at

any point in the litigation, including *sua sponte* by the Court.  *Montgomery*, 294 F.3d

at 498 (citing *Tabron*, 6 F.3d at 156).

The United States Court of Appeals for the Third Circuit has stated that when

deciding whether to appoint counsel, the threshold question is whether the litigant's

case has arguable merit in law or fact.  *Montgomery*, 294 F.3d at 499 (emphasis

added).  Next, if plaintiff's claims should overcome this review, the following non-

exclusive matters are examined:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the plaintiff's ability to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;

5.      the extent to which a case is likely to turn
on credibility determinations, and;

6.      whether the case will require testimony
from expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57.  Further, there are

significant practical restraints that temper the court's ability to appoint counsel and

that volunteer lawyer time is a precious commodity.  Because volunteer lawyer time

is limited, every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer for a deserving cause. *Tabron*, 6 F.3d at 157.

At this point, the defendants' have filed a motion to dismiss, or in the

alternative, a motion for summary judgment.  Mr. Knight has filed a brief in

opposition to that motion, albeit untimely and lengthy.  As the motion is still

unresolved, the Court has yet to conclude that Mr. Knight's claims have arguable

merit.  The Court is not inclined to appoint counsel when the legal merit of Plaintiff's

action is in question, and some, if not all, of the present action may not survive

defendants' motion.  Next, while Mr. Knight's pleadings are not a model of concise

legal drafting, he does present his claims in a manner that allows the Court to

evaluate them and the defendants to answer them.  His filings are complete with

counter arguments and appropriately cited supporting law.  At this point, the amount

of factual investigation is not extensive and does not require the intervention of an

experienced attorney to conduct.  The Court does not believe that Mr. Knight will be

substantially prejudiced if counsel is not appointed at this time.  Plaintiff has

demonstrated through his submissions to the Court his ability to present his own

case.  The level of detail presented by Plaintiff to date unequivocally shows that he

is capable of advancing comprehensible arguments. Moreover, the requisite liberal construction afforded *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, militate against the appointment of counsel.

Additionally, while not determinative, it is also important to consider the effort made by Plaintiff to retain an attorney on his own before asking the court to appoint one. *See Tabron*, 6 F.3d at 157 n.5. Although Plaintiff states he has been unsuccessful in obtaining counsel on his own, this factor alone does not warrant the appointment of counsel.

**ACCORDINGLY, THIS  7th  DAY OF MARCH, 2012, IT IS HEREBY ORDERED THAT** Mr. Knight's Fourth Motion for Appointment of Counsel (Doc. 34) is **DENIED WITHOUT PREJUDICE**.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**