**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAWRENCE H. KNIGHT, II,** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:CV-10-2168 |
| v. : | |
| : | (Judge Caputo) |
| **CO LOWRY,** *et al.*, : | |
| : | |
| **Defendants** : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Plaintiff's Fifth Motion for the Appointment of Counsel. Doc. 42. Plaintiff's previous four motions for appointment of counsel (Docs. 10, 16, 24, and 34) were denied. *See* Docs. 12, 18, 25, and 36. In his present motion for counsel Plaintiff outlines his unsuccessful attempt to obtain legal representation on his own and asserts that he does not understand the Defendants' filing of March 6, 2012, and that he does not know if he is supposed to file something in response.[1]  Doc. 42 at p. 2. He believes the appointment of legal counsel will assist him in obtaining medical expert witnesses, and medical testing that would prove his case that he was assaulted in 2008 by several officers at SCI-

---

[1] The Court notes that the docket does not reflect any entry by Defendants dated March 6, 2012. Aside from the present motion for counsel, there are no outstanding motions pending on the docket.

Waymart. *Id*. at p. 3. For the reasons that follow, Plaintiff's Fifth Motion for Appointment of Counsel will be denied without prejudice.

There is no statutory or constitutional right to the appointment of counsel for pro se indigent civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have broad discretionary powers to request an attorney to represent any person unable to afford counsel. See 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)(citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156).

The United States Court of Appeals for the Third Circuit has stated that when deciding whether to appoint counsel, the threshold question is whether the litigant's case has arguable merit in law or fact. *Montgomery*, 294 F.3d at 499 (emphasis added). Next, if plaintiff's claims should overcome this review, the following non-exclusive matters are examined:

    1.    the plaintiff's ability to present his or her own case;
    2.    the difficulty of the particular legal issues;
    3.    the degree to which factual investigation will be necessary and the plaintiff's ability to pursue investigation;
    4.    the plaintiff's capacity to retain counsel on his or her own behalf;
    5.    the extent to which a case is likely to turn on credibility determinations, and;
    6.    whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57. Further, there are

significant practical restraints that temper the court's ability to appoint counsel and that volunteer lawyer time is a precious commodity.  Because volunteer lawyer time is limited, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving cause.  *Tabron*, 6 F.3d at 157.

At this point, Plaintiff has successfully defended against the Defendants' Motion to Dismiss, and his Eighth Amendment excessive use of force claim survives against CO Black and CO Lowry.  Additionally, Plaintiff has successfully named and substituted two John Does in this action, CO Freechand and CO Leval.  These defendants were just recently served with the Complaint and have yet to file a response to the Complaint.  Additionally, while Plaintiff contends he suffers from extensive physical disabilities, there is no evidence that these alleged medical disabilities hinder his ability to adequately articulate his claims.  Moreover, although Plaintiff argues that he has little legal knowledge, he sets forth sound legal arguments and citation to relevant case law in his various submissions which clearly demonstrate his access to legal resources, and the ability to understand and present such authority.  For these reasons, the Court is unable to conclude at this point that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  The Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel at this moment.

Finally, while not determinative, it is also important to consider the effort made by Plaintiff to retain an attorney on his own before asking the court to appoint

-3-

one. See Tabron, 6 F.3d at 157 n.5.  Although Plaintiff states he has been unsuccessful in obtaining counsel on his own, this factor alone does not warrant the appointment of counsel.  As such, his pending motion will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

**ACCORDINGLY, THIS 16th DAY OF APRIL, 2012, IT IS HEREBY ORDERED THAT** Plaintiff's Fifth Motion for Appointment of Counsel (Doc. 42) is **DENIED WITHOUT PREJUDICE**.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**