IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE H. KNIGHT, II, :
　　　　　　　　　　　　　　　　　:
　　Plaintiff　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　: CIVIL NO. 3:CV-10-2168
　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　: (Judge Caputo)
CO LOWRY, et al.,　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　Defendants　　　　　　　　　　:

MEMORANDUM

I.　　Introduction

Mr. Knight, a state inmate proceeding *pro se,* pursuant to 42 U.S.C. § 1983, claims that he was assaulted on December 29, 2008, by Corrections Officer (CO) Black, CO Leval, CO Lowry, and CO Freechen while housed at the State Correctional Institution at Waymart (SCI-Waymart), in Waymart, Pennsylvania.

Presently before the court are three discovery related motions. The first two motions, filed by Defendants, seek to compel Mr. Knight's responses to properly posed May 16, 2013, interrogatories, and their September 9, 2013, request for production of documents. (Docs. 69 and 71.) The third motion, again filed by Defendants, seeks an enlargement of the dispositive motions deadline in this matter pending the Court's resolution of their motions to compel. (Doc. 72.) For the

reasons set forth below, Mr. Knight will be required to respond to Defendants' motions to compel, and show cause why he has not served his interrogatory responses and request for production of documents responses on Defendants in a timely manner. Defendants' motion for enlargement to extend the dispositive motions deadline is granted.

## II.     Standard of Review

The Federal Rules of Civil Procedure enable parties to obtain information by serving request for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Fed. R. Civ. P. 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense ...
> For good cause, the court may order discovery of any
> matter relevant to the subject matter involved in the
> action. Relevant information need not be admissible at
> trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 33 provides that answers to properly served interrogatories must be served by the responding party within thirty days. *See* Fed. R. Civ. P. 33(b)(2). Where a party fails to respond to interrogatories within the required time period, the requesting party is permitted to move for an order compelling a response. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii). Where a party fails to cooperate with discovery, Rule 37 allows the Court to enter sanctions. *See* Fed. R. Civ. P. 37(b)(2),

(c) and (d). Among the available sanctions is dismissal of the action against the disobedient party, see Fed. R. Civ. P. 37(b)(2)(v).

III. Discussion

A. Motions to Compel Discovery Responses

Defendants served Mr. Knight with interrogatories on May 16, 2013. On July 9, 2013, the Defendants filed their first motion to compel. (Doc. 67.) The Court denied the Defendants' first motion to compel in light of Mr. Knight's request to enlarge the discovery and dispositive motion deadline, which was granted. (Doc. 68.) However, at the same time the Court directed Mr. Knight to serve Defendants with responses to their May 16, 2013 discovery on or before August 12, 2013. (Id.) On September 4, 2013, Defendants filed a second motion to compel. (Doc. 69.) Mr. Knight did not respond to Defendants' second motion to compel. Likewise, Mr. Knight has yet failed to respond to Defendants' May 2013 interrogatories, or seek an enlargement of time from the Court to do so. Defendants filed their third motion to compel on October 15, 2013 based on Mr. Knight's failure to respond to their September 9, 2013 request for production of documents. (Doc. 71.) Defendants state they require responses to their discovery requests in order to properly defend against the claims raised by Mr. Knight. (Id.) The Court agrees.

Accordingly, Mr. Knight will be directed to file a response to Defendants' second and third motions for discovery. He must also show cause why he has failed to respond to Defendants properly filed discovery.

### B. Motion to Enlarge the Dispositive Motions Deadlines.

Defendants seeks an enlargement of the dispositive motions deadline until after the Court resolves their pending motions to compel. Based on Mr Knight's failure to provide timely discovery responses to Defendants' interrogatories and request for production of documents. The motion will be granted. The Court will establish a new dispositive motions deadline upon resolving Defendants' motions to compel.

An appropriate Order follows.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Date: October 21, 2013