IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE H. KNIGHT, II, :
:
    Plaintiff :
: CIVIL NO. 3:CV-10-2168
  v. :
: (Judge Caputo)
CO LOWRY, *et al.*, :
:
    Defendants :

**M E M O R A N D U M**

**I.    Introduction**

Mr. Knight, a state inmate proceeding *pro se,* pursuant to 42 U.S.C. § 1983, claims that he was assaulted on December 29, 2008, by Corrections Officer (CO) Black, CO Leval, CO Lowry, and CO Freechen while housed at the State Correctional Institution at Waymart (SCI-Waymart), in Waymart, Pennsylvania.  On October 21, 2013, the Court directed Mr. Knight to respond to Defendants' motions to compel (Docs. 69 and 71), and to show cause why he failed to respond to Defendants' properly discovery.  (Doc. 75.)  Mr. Knight was cautioned that his failure to comply with the Court's Order could result in the dismissal of his action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) as a sanction for failing to cooperate in discovery matters. (*Id.*)

Presently before the Court is Mr. Knight's "Response" to the Court's October 21, 2013 Order.  (Doc. 76.)  For the reasons that follow, Mr. Knight's action will be dismissed pursuant to Fed. R. Civ. P. 41(a)(2), and the case closed.

## II. Procedural History

Mr. Knight filed this action on October 21, 2010. (Doc. 1.) He then filed a supplemental complaint on November 5, 2010. (Doc. 11.) Shortly thereafter, the Court granted his request to proceed *in forma pauperis* and directed service of both documents on the named Defendants. (Doc. 13.)

On July 11, 2011, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (Doc. 22.) On March 8, 2012, the Court granted in part and denied in part, the Defendants' motion to dismiss. (Doc. 38.) Mr. Knight's Eighth Amendment claims of deliberate indifference to his serious medical needs were dismissed due to his failure to exhaust his available administrative remedies. However, his Eighth Amendment claim of excessive use of force survived the Defendants' motion to dismiss. (*Id.*)

On July 27, 2012, pursuant to Defendants' motion, this matter was stayed pursuant to the Soldiers' and Sailors' Civil Relief Act due to one of the named defendants' military service and deployment. (Doc. 55.) On January 2013, following the absentee defendants' return to work, the stay was lifted and discovery and dispositive motions deadlines were established. (Doc. 61.)

In June 2013, Mr. Knight sought, and received, a ninety (90) day enlargement of the discovery period and the dispositive motions deadline due to his need to collaborate with the attorneys handling his criminal appeal. (Docs. 65 and 68.) Since that time, Defendants have filed several motions to compel Mr. Knight's responses to the discovery they served on him in May and September 2013. (Docs. 69 and 71.)

**III.    Discussion**

In his "response," Mr. Knight states that he has acted diligently with regards to his pursuit of his action but everyone, including the Court, has ignored the Pennsylvania Department of Corrections' violations of his civil rights. (Doc. 76, ECF p. 2.) Without providing any specific information to support these allegations, Mr. Knight also claims that the Court's failure to grant his repeated requests for legal counsel and/or medical testing have somehow hampered his ability to move forward in this matter. He also accuses Defendants of unspecified "falsitities" which he alleges the Court has ignored. (*Id.*) Finally, Mr. Knight alleges that unidentified Pennsylvania Department of Corrections staff have lost or destroyed all of his legal materials making it impossible to litigate this case. (*Id.*, ECF p. 4.) He does not state when these events took place or the individuals involved in these activities. In closing, Mr. Knight writes that he "respectfully [wishes] to withdraw the filed complaint since you all have made it extremely clear [he] will never win and will have to suffer for the rest of [his] life from the injuries" incurred as a result of Defendants' actions. (*Id.*, ECF p. 5.)

Where a party fails to cooperate with discovery, Rule 37 allows the Court to enter sanctions. *See* Fed. R. Civ. P. 37(b)(2), (c) and (d). Among the available sanctions is dismissal of the action against the disobedient party, *see* Fed. R. Civ. P. 37(b)(2)(v). Although urged to advise the Court of his reasons for failing to comply with Defendants' discovery requests, and for failing to respond to their motions to compel, Mr. Knight has not done so. Thus, the Court could dismiss Mr. Knight's action as a sanction for his failure to comply with discovery. Nonetheless, while the

Court does not agree with Mr. Knight's assertions as to the progress of this action, the Court recognizes Mr. Knight may have his own reasons for not participating in discovery or wishing to continue with this action.  It is Mr. Knight's prerogative to request the Court seek to dismiss his action.  *See* Fed. R. Civ. P. 41(a)(2). Accordingly, the Court will construe Mr. Knight's "response" as a motion to voluntarily withdraw his action pursuant to Fed. R. Civ. P. 41(a)(2) and grant the motion.

      An appropriate Order follows.

                                      **/s/A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date: November   22   , 2013**